DECISION
Plaintiff appeals Defendant's assessment of a late filing fee penalty for tax year 2008-09. Nancy Riemer (Riemer), Plaintiff's President, appeared and testified on behalf of Plaintiff. Chuck Cliggett (Cliggett), Plaintiff's counsel, and Linda Vallejo (Vallejo), Plaintiff's accountant, testified. Sirpa Duoos (Duoos), Personal Property Specialist, Clatsop County Department of Assessment and Taxation, appeared and testified on behalf of Defendant. Suzanne Johnson (Johnson), Chief Deputy Assessor, Tax Collector, Clatsop County Department of Assessment and Taxation, testified on behalf of Defendant.
 I. STATEMENT OF FACTS
The parties agreed that there is no dispute of fact. For tax year 2008-09, Plaintiff failed to file its personal property tax return. Duoos testified that, using Plaintiff's 2007-08 tax year filed personal property tax return, Defendant increased the personal property tax values reported by Plaintiff by 10 percent and assessed tax for tax year 2008-09. Duoos testified that, because Plaintiff failed to file a return, the county assessed a 50 percent failure to file penalty in addition to the computed tax on the erroneously assessed value. Plaintiff paid the 2008-09 tax year personal property tax assessed in addition to a failure to file penalty. *Page 2 
For tax year 2009-10, Plaintiff failed to file its personal property tax return. Duoos testified that, "using a paper file" with the correct personal property value of $122,631, Defendant increased the 2008-09 tax year value by 10 percent and then assessed the tax and a failure to file penalty. In November 2009, Vallejo telephoned Defendant, asking why the tax year 2009-10 assessed value increased over $100,000 from the prior year. Duoos testified that, after investigating Vallejo's concern, it was determined that a "computer error was made" when billing the 2008-09 tax assessment and the taxable value had been understated. Duoos testified that, unknown to Defendant, the tax year 2008-09 assessed value was reported as $12,261 rather than the computed value of $122,613.
On January 21, 2010, Defendant sent a letter to Plaintiff, notifying it of the clerical error for tax year 2008-09. Defendant's letter stated that the "revised assessed value" was $122,613 and that a late filing penalty which was "50% of tax (to be determined)." Defendant's letter stated that "[a] correction was also made on the 2009/10 tax year that resulted in a reduction of value." The previously assessed value was reduced and a late filing penalty in the amount of $710.50 was assessed. (Def's Ex A at 1.) A hearing was scheduled for February 11, 2010. Plaintiff did not respond to Defendant's letter nor attend the hearing. Defendant's letter dated February 23, 2010, informed Plaintiff that it would "correct the value according to O.R.S. 311.216 — 311.232 for the tax year 2008/09." In its letter, Defendant stated that the 50 percent late filing penalty was $722.83.
Reimer testified that Plaintiff paid the tax years 2008-09 and 2009-10 tax assessments and does not dispute the personal property values. Reimer testified that Plaintiff disputes the 2008-09 late filing penalty, stating that Plaintiff should not be responsible for Defendant's clerical error and requesting that the court waive the penalty assessed. Cliggett testified that *Page 3 
Plaintiff brought the understated value to Defendant's attention and that to assess the late filing penalty is to "discourage" a taxpayer "from bringing a discrepancy in the county's favor to the county's attention." Johnson testified that the county followed the statutory procedures after the clerical error was discovered. Duoos testified that Defendant assessed the same "50 percent late filing penalty" as it would have if Defendant had not experienced a "computer error" because Plaintiff failed to file a personal property tax return "therefore Defendant applied the late filing penalty pursuant to ORS 308.296(4)." (Def's Answer at 1.)
 II. ANALYSIS
Every person or business that owns taxable personal property is required to file a personal property tax return by March 1 of each year. ORS 308.290(1).[1] The annual returns are due "on or before March 1." ORS 308.290(3). Taxpayers who fail "to file a personal property tax return on or before March 1 of any year, * * * shall be jointly and severally subject to the provisons of ORS 308.296." ORS 308.290(1).
ORS 308.296(1) provides that a business "required by ORS 308.290 to file a return * * * who or which has not filed a return within the time fixed in ORS 308.290 * * *shall be subject to a penalty as provided in this section." The penalty is graduated based on when a return is filed. If a return is filed after August 1 of the year it was to be filed, the penalty is "equal to 50 percent of the tax attributable to the taxable personal property of the taxpayer." ORS 308.296(4).
Plaintiff failed to file the required personal property tax return for tax years 2008-09 and 2009-10. Plaintiff requests that the court waive the late filing penalty Defendant assessed for tax year 2008-09. *Page 4 
ORS 305.422 provides that "[i]f a penalty under ORS 308.295 or 308.296 for the failure to timely file a real, combined or personal property return as required by ORS 308.290 is the subject of an appeal to the tax court, the court may waive the liability for all or a portion of the penalty upon a proper showing of good and sufficient cause." A "showing of good and sufficient cause" requires that an extraordinary circumstance occurred that was "beyond the control of the taxpayer." ORS 305.288(5)(b). The term "good and sufficient cause" is not defined in ORS 305.422. The court in prior decisions has concluded that the definition of good and sufficient cause set forth in ORS 305.288(5)(b) is a useful guide. ORS 305.288(5)(b) provides that:
 "(b) `Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
Plaintiff offered no explanation why it failed to file its personal property tax return. Plaintiff filed returns in prior years. Plaintiff requests the court waive the penalty because Defendant's assessment was incorrect.
In making the waiver request, Plaintiff is shifting the burden for its failure to file to Defendant. If Plaintiff had fulfilled its legal obligation to file, Defendant would not have needed to use "best available information" to make an assessment. The unfortunate consequence of Defendant's "computer error" was a significant understatement of Plaintiff's liability. Plaintiff did not contact Defendant when the 2008-09 tax assessment was significantly less than the prior year assessment. Plaintiff paid the 2008-09 tax assessment in addition to a late filing penalty. Plaintiff contacted Defendant when the 2009-10 tax assessment closely matched the 2007-08 tax *Page 5 
assessment which was significantly more than the 2008-09 tax assessment. After Plaintiff contacted Defendant, Defendant followed statutory procedure to correct a clerical error for tax year 2008-09. The outcome of Plaintiff s failure to file was an increase in the late filing penalty based on the revised assessed value. Plaintiff could have avoided any late filing penalty if it had filed a timely personal property tax return. The late filing penalty assessed by Defendant was no more than it would have been absent the computer error.
 III. CONCLUSION
After careful review of the testimony and evidence, the court concludes that Plaintiff failed to "make a proper showing of good and sufficient cause." ORS 305.422. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs appeal is denied.
Dated this ___ day of March 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanneron March 16, 2011. The Court filed and entered this documenton March 16, 2011.
[1] References to the Oregon Revised Statutes (ORS) are to 2007. *Page 1